```
                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF OHIO

JULIE LUFT-SIGNER, et al.,       )    CASE NO. 1:07 CV 3028
                                 )
          Plaintiffs,            )    JUDGE CHRISTOPHER A. BOYKO
                                 )
     v.                          )
                                 )    MEMORANDUM OF OPINION
CUYAHOGA COUNTY BOARD OF         )    AND ORDER
COMMISSIONERS, et al.,           )
                                 )
          Defendants.            )
```

On October 4, 2007, plaintiff pro se Julie Luft-Signer filed this action on behalf of herself and purportedly on behalf of her minor daughter, K.L.S. The complaint names the following defendants: Cuyahoga County Board of Commissioners; Cuyahoga County Court of Common Pleas Domestic Division and the Honorable Judge Anthony J. Russo; Benjamin Signer; James Cahn, Esquire, Herman, Cahn & Schneider; James Lane, Esquire, Herman, Cahn & Schneider; Linda Lindsey; Dr. Mark Lovinger; Pamela Gorski, Esquire, Individually and in her official capacity as Attorney, and as Attorney Guardian Ad Litem for Minor Child K.L.S.; Beachwood Police Department; Mark Sechrist, Beachwood Police Department; Cmdr. Karduck, Beachwood Police Department; Thomas Grever,

Beachwood Police Department; City of Beachwood; Robert J. Rotatori, Rotatori and Grazel; and, Larry Zuckerman., CPA.  For the reasons stated below, this action is dismissed.

The 49 page complaint contains an extensive summary of allegations relating to an Ohio Domestic Relations proceeding involving plaintiff Julie Luft-Signer, and her former spouse, Benjamin Signer.  Ms. Luft-Signer is dissatisfied with the outcome of the proceedings and with alleged conduct of certain law enforcement officers and officials, attorneys (her own, Mr. Signer's, and K.L.S.'s guardian ad litem), various others, and the presiding judge.

Federal Courts have no jurisdiction over actions which in essence are domestic relations disputes.  McLaughlin, 193 F.3d at 412; Firestone v. Cleveland Trust, 654 F.2d 1212, 1215 (6th Cir. 1981).  Even when brought under the guise of a federal question action, a suit whose substance is domestic relations generally will not be entertained in a federal court.  Firestone, 654 F.2d at 1215.  These cases involve local problems which are "peculiarly suited to state regulation and control and peculiarly unsuited to control by federal courts."  Id.  For this reason, it is incumbent upon the district court to examine the claims of the complaint and to determine the true character of the dispute to be adjudicated. Id.  Although plaintiff characterizes this as a federal civil rights and RICO action, it is clear from the allegations of the complaint and the relief requested that she is asking this court reverse decisions of the state court judge and to make independent

determinations of custody and visitation issues.[1] This court lacks jurisdiction to grant this type of relief.

Further, United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. Id. Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing a case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates the his or her federal rights. Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. Catz v. Chalker, 142 F.3d 279, 293 (6th Cir. 1998); see Tropf v. Fidelity National Title Insurance Co., 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated

---

[1] Plaintiff seeks an order setting aside the divorce decree and awarding her custody of the minor child.

3

upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." Catz, 142 F.3d at 293. Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. Id.; Tropf, 289 F.3d at 937.

In the present action, plaintiff directly attacks a state court's decisions, and the action is clearly predicated on her belief that the state court was mistaken in rendering its decision against her. Any review of plaintiff's claims would require the court to review the specific issues addressed in the state court proceedings. This court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested. Feldman, 460 U.S. at 483-84 n. 16; Catz, 142 F.3d at 293.

In light of the foregoing, this action is appropriately subject to summary dismissal. Apple v. Glenn, 183 F.3d 477 (6th Cir. 1999).

Accordingly, this action is dismissed.

IT IS SO ORDERED.

                                        S/Christopher A. Boyko
                                        CHRISTOPHER A. BOYKO
                                        UNITED STATES DISTRICT JUDGE

October 10, 2007